75    563
98    220
99    421
100   399

WHALEN v. THE CHICAGO, ROCK ISLAND & PACIFIC
RAILWAY COMPANY.

1.    **Instructions:** STATING ISSUES. In stating plaintiff's claim to the jury the court omitted one of the issues raised in the petition. But since there was no evidence to sustain such issue, *held* that it was properly omitted.

2.    **Railroads:** INJURY TO BRAKEMAN: "WIPER" IN CHARGE OF ENGINE. Where a "wiper" has temporary charge of an engine in making up a train, the company is liable for his negligence resulting in injury to a brakeman in coupling cars.

3.    ——— : ——— : UNWARRANTED PROCEDURE : BURDEN OF PROOF. In
an action for injury to a car-coupler, where the brakemen were in
their proper places, and the usual signals given, and efforts made to
couple the cars together, if the claim is made in defense that the train
was being operated by unauthorized persons, or at an improper time,
the burden is on defendant to prove it.

4.    ——— : ——— : NEGLIGENCE : QUESTIONS FOR JURY. There being
evidence, in such case, tending to show that the person in charge
of the engine, when the cars were a proper distance apart to
attempt to couple them, threw them together violently, the ques-
tion of his negligence was properly submitted to the jury, as was
also the question of plaintiff's contributory negligence in attempt-
ing to make the coupling with mittens on his hands ; and their ver-
dict cannot be set aside on appeal for want of evidence.

5. **Instructions:** SPECIAL INTERROGATORIES : WHEN NOT PROPER.
Under section 2808 of the Code, which provides that special inter-
rogatories may be submitted to the jury, and that the jury may be
required to find upon any particular questions of fact, such fact or
facts must be material and pertinent to the matter in controversy,
and the interrogatories must seek a response as to the existence of
some particular fact, and not embrace a series of facts which are
necessarily included in and determined by the general verdict.
( For illustration and application of rule, see opinion ).

6. **Railroads:** INJURY TO BRAKEMAN : AMOUNT OF VERDICT. A ver-
dict for twenty-three hundred dollars for an injury to a
brakeman twenty-three years old, whereby he lost his right thumb,
and had his next two fingers permanently injured and stiffened,.
and his arm weakened, *held*, on appeal, not to be excessive.

*Appeal from Louisa District Court.*—HON. J. K.
JOHNSON, Judge.

FILED, OCTOBER 20, 1888.

PLAINTIFF was a brakeman in the employ of the
defendant, and brought this action to recover damages
for an injury received because of the negligence of the
defendant when he was attempting to make a coupling.
Trial by jury, verdict for the plaintiff, and judgment.
The defendant appeals.

*E. E. Cook* and *E. W. Tatlock*, for appellant.

*R. Caldwell* and *A. Sprague*, for appellee.

SEEVERS, C. J.—The ground of negligence stated in the substituted petition upon which the plaintiff bases his right to recover is "the gross carelessness of the person who was in charge of the engine, and the brakeman who was on top of the car; that, as the cars were being backed up, plaintiff signaled the person who was in charge of the engine to slow up; and when the car was approaching the car to which it was to be coupled, and was within five or six feet of the stationary car, plaintiff stepped forward to adjust the coupling, when the brakeman on the train signaled the person who had charge of the engine to back up, when the car was thrown violently back, thus catching and crushing plaintiff's hand; that the engineer was not at his post, but that the person who had charge of the engine was the "wiper."

I.  The court, in stating the issues to the jury, stated the plaintiff's claims as follows:  "That while

1. INSTRUCTIONS: plaintiff was about to couple some cars
stating issues. attached to an engine to some stationary cars, and after the plaintiff had given the person in charge of the engine a signal to "slow up," another brakeman of defendant gave such engineer or person in charge of the engine a signal to "back up," and thereupon such person in charge of the engine negligently, and without warning to plaintiff, backed the engine with cars attached thereto so as to catch and crush or injure the hand of the plaintiff;  *  *  *  that, in so doing, the person in charge of the engine was guilty of negligence."

It will be observed that the only question submitted to the jury was whether the person in charge of the engine was guilty of negligence, and the court did not err in so doing.  It is true, it is stated in the petition that the injury was caused by the negligence of such person and the brakeman, but as there was no evidence tending to show that the brakeman was negligent, the court rightly withdrew such issue from the jury.  There was no evidence tending to show that the brakeman was

negligent in giving the signal at the time or in the manner he did. We deem it proper to say that an amendment to the substituted petition in no manner changes the allegations of the latter as to the grounds of negligence or as to the person who was guilty thereof. We think the court fairly and sufficiently stated the issues to the jury.

II. It is said that there is no evidence tending to show that the person in charge of the engine was not a volunteer, and therefore the defendant is not responsible for what he did. He is designated as the "wiper" in charge of the engine. He was an employe of the defendant, and was running or operating it on the defendant's road when attached to a train or part of a train of cars; and if, by his "mismanagement," the plaintiff was injured, the defendant is clearly liable. The statute so provides. Code, sec. 1307. In no sense was he a volunteer. At most he was performing the duties of another employe. It is also said in this connection that there was no evidence tending to show that the train was being made up at the usual and regular time. This is immaterial. The train was being operated on defendant's road. But we think there was such evidence. The brakemen were in their proper places, and the usual signals given, and efforts made to couple the cars together. Under such circumstances, if the train was being operated by persons who had no authority to act, or at an improper time, the burden was on the defendant to so show.

*2. RAILROADS: injury to brakeman: "wiper" in charge of engine.*

*3. ——:——: unwarranted procedure: burden of proof.*

III. It is also said that there is no evidence tending to show negligence, and reliance is placed in part on the matters we have discussed. In addition thereto, it is said that there is no evidence tending to show that there was any negligence on the part of the person in charge of the engine. In considering this question it will be conceded that the signal given him to "back up" was entirely proper, and he did right in obeying it; but if,

*4. ——:——: negligence: questions for jury.*

in so doing, he recklessly or negligently caused the cars to be thrown together with unnecessary violence, then he may have been guilty of negligence. There was evidence tending to show that when the engine was "backing up" the plaintiff gave a signal to "stop," and the engine "slowed up;" and when the cars were a proper distance apart the plaintiff attempted to make the coupling, when the person in charge of the engine gave it a "kick," which caused the cars to come violently together, and the plaintiff's hand was caught between the cars, and was injured. It was, we think, for the jury to say whether the cars came together with unusual and unnecessary violence, and whether the person in charge of the engine was guilty of negligence. Certainly we cannot, as a matter of law, determine whether the cars were thrown together with too much violence, or not; and it may be the jury should have found otherwise; but clearly, in our judgment, there is evidence upon which the verdict can with propriety be sustained, and this is true as to the question of contributory negligence. We cannot say that the plaintiff was guilty of such negligence. In fact, we think he was not, unless, possibly, in attempting to make the coupling with mittens on his hands. But a proper instruction was given on this subject, and the jury found otherwise.

IV. The defendant asked that twenty-seven special interrogatories be submitted to the jury. Sixteen of them were submitted and answered by the jury, and counsel for the defendant insists that the court erred in refusing to submit the others. Special complaint is made of the refusal to submit the second, third, fourth, fifth, eighth, twentieth and twenty-fifth interrogatories. Number three is as follows: "Do you find from the evidence that the accident to the plaintiff was in whole or in part caused by any act of his own, either of commission or omission?" This interrogatory is too general. No specific fact is called for, unless it can be said that the contributory negligence of the plaintiff is such a fact. The general verdict is a complete and sufficient

5. INSTRUC-
TIONS: special
interrogato-
ries: when not
proper.

response to this interrogatory ; and the second, in legal effect, is precisely like it.   The fifth and eighth interrogatories, in substance, are whether the person on the engine was the servant or employe of the defendant, and whether he was engaged in the line of his employment. That he was an employe, and in charge of the engine, and was running it ; that is, he was acting in the capacity of engineer,—is not denied.   But the defendant insists that there is no evidence which shows that he was acting within the line of his employment, or which expressly shows any consent on the part of the defendant that he was so acting.   What we have heretofore said sufficiently indicates that, in our opinion, this was immaterial under the circumstances.   The jury are asked in the twentieth and twenty-fifth interrogatories to say how much they allow as actual damages, and how much for the plaintiff's incapacity to work in the future, and for what length of time.   We deem it sufficient to say that these interrogatories are immaterial. No specific fact is called for, and answers thereto could not possibly in any manner impair the force and effect of the general verdict.   The remaining interrogatory, number four, in substance and legal effect, is like numbers two and three.   For the reasons stated, the court did not err in refusing to submit any more special interrogatories than it did.   The Code provides that special interrogatories may be submitted to the jury, and the jury may be required to find "upon any particular questions of fact."   Code, sec. 2808.   Of course, such fact or facts must be material and pertinent to the matter in controversy, and the interrogatories must ask a response as to the existence of some particular fact, and not embrace a series of facts which are necessarily included in and determined by the general verdict.

V.   The instructions are criticised by counsel, and said to be erroneous, and that instructions asked and refused should have been given.   We deem it sufficient to say that we think the instructions given are full, fair, and in every respect unobjectionable.   They cover the

6. RAILROADS: injury to brakeman: amount of verdict.

whole ground, and therefore the instructions asked were properly refused. It is also said that the verdict is contrary to the instructions, but we are unable to concur in this proposition. We think it was for the jury to say whether the plaintiff had sufficient time to withdraw his hand after the speed of the cars was increased, and after he was aware of, or with reasonable diligence ought to have known, such fact. The verdict is for twenty-three hundred dollars, of which amount three hundred and twenty dollars was for loss of time, and the residue must have been for pain, suffering and inability to earn as much in the future as before the accident; and it is urged that the verdict is excessive. There was evidence tending to show that the plaintiff was twenty-three years old at the time of the trial. Because of the injury the thumb of the right hand was amputated, the two fingers next to it were injured, and the evidence tended to show that such injury was of a permanent character. At the trial they were crooked, and the plaintiff was unable to do the same work he previously did. Nor was his arm as strong. He was not able to work for eight months after the accident. He was earning forty dollars a month at the time of the accident. At the time of trial he was working as a section-hand, and earning $1.10 a day. We are unable to say, under such circumstances, that the verdict is excessive.

AFFIRMED.