JAMES LUISI, v. CHICAGO GREAT WESTERN RAILWAY
COMPANY, and WM. H. BURKE, Appellants.

**Master and servant:** NEGLIGENCE: EVIDENCE: SUBMISSION OF ISSUES.
1  In this action for injury to plaintiff while assisting in loading
   ties onto a car, the evidence is held to require submission of
   defendant's alleged negligence in directing the use of a certain
   appliance; in adopting an unsafe method to perform the work;
   and in failing to furnish sufficient help.

**Same:** ADEQUATE HELP. Failure of the master to furnish adequate
2  help for the performance of work safely constitutes negligence,
   and liability for injury to a servant resulting from such failure
   follows.

**Same:** IMPROPER TOOLS. A master may be liable in furnishing a
3  servant with an improper tool and directing its use.

**Same:** AGGRAVATION OF INJURY: DAMAGES. · Where a physical in-
4  jury to a servant produces or contributes to a disease by ren-
   dering him susceptible thereto the injury is a predisposing cause
   of the disease; and where the original injury producing or
   contributing to the disease was the result of the negligence of
   the master he is liable for the consequences of the disease.

**Special interrogatories.** Special interrogatories calling for eviden-
5  tial rather than ultimate facts, or for a finding upon matters in-
   hering in the general verdict, or for a conclusion on the facts,
   should not be submitted.

**Instructions.** Where no prejudice can arise from instructing on
6  an issue not in the case a reversal for that reason will not be
   ordered.

**Damages:** EXCESSIVE VERDICT. A verdict of $2500.00 for injury to
7  plaintiff, earning $1.50 per day, followed by pneumonia and re-
   sulting in loss of time, suffering and impaired physical condi-
   tion, is held not excessive.

*Appeal from Webster District Court.*—HON. R. M.
WRIGHT, *Judge.*

Friday, May 17, 1912.

Suit to recover personal injuries. Verdict and judgement for plaintiff. Defendants appeal.—*Affirmed.*

*Price & Joyce* and *Carr, Carr & Evans* for appellants.

*Kelleher & O'Connor* and *Frank Maher* for appellee.

Sherwin, J.—Plaintiff was in the employ of the defendant railroad company as a section hand. The defendant Burke was yard foreman for the railroad company at Ft. Dodge. On the day that plaintiff was injured, the section crew, of which he was a member, was ordered to go to Ft. Dodge to help Burke and his men in the yard. When the plaintiff arrived there, he was directed by Burke to help two other men carry ties and put them on a flat car upon which a bumper was being constructed. Burke directed the two men working with the plaintiff to carry the front end of the ties, and to use a track wrench for the purpose, and told the plaintiff to carry the back end of the ties. After a few ties had been thus loaded on the car, the men were directed to load a tie that was wet on the under side, and while they were attempting to do so, and after the front end of the tie had been raised a little above the floor of the car, it slipped on the track wrench and slid back, striking the plaintiff and inflicting the injury complained of.

The grounds of negligence upon which the case went to the jury were three: First, negligence in furnishing and directing the use of the track wrench; second, in

1. Master and
servant:
negligence:
evidence:
submission
of issues.

adopting an unsafe method of performing the work; and, third, in failing to furnish a sufficient number of men to do the work. Appellants contend that there was not sufficient evidence to warrant the court in submitting to

the jury any of these grounds for negligence. We are of the opinion that this contention can not be sustained. The ties were oak and heavy. The evidence as to the length of this particular tie is in conflict, but it was from eight to twelve or fourteen feet long. The men had to carry it some distance before reaching the car, and the plaintiff, who was only five feet high and weighed one hundred and thirteen pounds, was ordered to carry the rear end, which position would naturally throw an additional burden on him when the men in front were raising their end of the tie onto the car. In addition to this, one of the men at the front end was a mere boy, not much taller or heavier than the plaintiff, and the other man was not, by any means a large man. The average weight of the three would not exceed one hundred and twenty pounds. The evidence also directly shows that four men were ordinarily required to do such work.

It was clearly the duty of the defendants to furnish an adequate number of men to do this work safely, and 2. SAME: adequate help. for an injury resulting from a failure to do so the defendants are liable. *Fitter v. Telephone Co.,* 143 Iowa, 689; 1 Labatt, Master & Servant, section 204.

The track wrench used for the purpose of carrying the front end of the ties was of small, round iron about two feet long, which the jury might easily find from the 3. SAME: improper tools. evidence would slip under the weight of a heavy, wet tie. And, furthermore, there was evidence tending to show that the proper and usual tool for loading ties of this character and size was a tie or grab hook, which could not slip when once fastened in a tie. Where an improper tool is furnished and the servant directed to use it, the master is, or may be, liable for not providing a proper tool. *Wilder v. Cereal Co.,* 130 Iowa, 263; *Anderson v. Railroad Co.,* 109 Iowa, 524. We think

there was evidence sufficient to take the case to the jury on the three grounds of negligence submitted.

The tie fell on the plaintiff and fractured the sixth or seventh rib on his left side. There were no external evidences of injury, nor was the rib broken to such an extent as to yield to external pressure. He was hurt on the 18th or 19th day of September, and on the 20th of September he was treated for the first time by a physician, who bandaged his chest. Plaintiff went to see his physician at his office every two or three days thereafter until the 30th day of October, at which time he was unable to leave the car in which he was living. His physician visited him there on that day and found that he then had pneumonia. The next day he was taken to a hospital, where he remained nearly six months. The plaintiff was permitted to show his confinement in the hospital with pneumonia, and the ruling is assigned as error. Such evidence would be incompetent, of course, unless the plaintiff proved further that pneumonia was wholly, or in part, the result of the physical injury he received. *Kerr v. Waterworks,* 95 Iowa, 509; *Trapnell v. City of Red Oak,* 76 Iowa, 744.

4. SAME: aggravation of injury: damages.

But on the other hand, if it be shown that the plaintiff's physical injury superinduced, or contributed to, the production of pneumonia, the defendant is liable therefor. If pneumonia results from an injury, which renders the person susceptible thereto, the injury is a predisposing cause of the pneumonia. 1 Thompson on Negligence, section 154; *Murphy v. Railroad Co.,* 31 Nev. 120 (101 Pac. 322, 21 Ann. Cas. 502); *Railroad v. Buck,* 96 Ind. 346, (49 Am. Rep. 168). There was evidence tending to show that the injury received by the plaintiff was, at least, a predisposing cause of the pneumonia, if not the sole cause thereof. We are of the opinion therefore that the evidence under consideration was properly received.

The special interrogatories asked by the defendants

were, in our judgment, properly refused. The first one
asked the jury to find the weight of the tie
that fell on the plaintiff. This interrogatory
clearly called for an evidential rather than an ultimate fact.

5. SPECIAL IN-
TERROGATORIES.

The second asked whether the plaintiff and his two
co-laborers, by the exercise of ordinary care, could have
placed the tie on the car without injury to the plaintiff.
This question did not call for a specific ultimate fact.
It in effect asked whether the plaintiff was guilty of con-
tributory negligence, and the answers thereto must of neces-
sity have inhered in the general verdict and have been
based upon a series of facts. It was therefore rightly
refused. *Whalen v. Railway Co.,* 75 Iowa, 563; *Runkle
v. Insurance Co.,* 99 Iowa, 414; *O'Leary Bros. v. Insur-
ance Co.,* 100 Iowa, 390.

The other interrogatory required the jury to say
whether the slipping of the tie from the wrench was the
proximate cause of the plaintiff's injury. This question
also called for a conclusion on facts, rather than for facts,
and furthermore it did not call for an ultimate fact, as
the law requires. Its effect would have been to confuse
the minds and the deliberations of the jury, without being
determinative of the case. *Wilder v. Cereal Co.,* 130 Iowa,
263; *Boddy v. Henry,* 126 Iowa, 31; *Phoenix v. Lamb,* 29
Iowa, 352.

In an instruction on contributory negligence, the court
told the jury that one, who is injured by the negligence
of another, can not recover if, by his own negligence, he
contributed to the injury, "except where the
direct cause of the injury is the omission
of the other party, after becoming aware of the injured
party's negligence," to use proper care. The exception
noted was wholly immaterial to any issue before the jury,
so far as we are advised by the record before us, and might
better have been omitted. But notwithstanding such fact,
we do not see how the noting of the exception could have

6. INSTRUCTIONS.

prejudiced the defendants' case. Nothing further was said on the subject, and while it has many times been held prejudicial error to instruct on issues not in the case, we do not think that the noting of the exception in question was an instruction which could be prejudicial, and we should therefore not reverse because thereof.

It is said in argument that the verdict is so excessive as to show passion and prejudice. It was for $2,500. The plaintiff was in the hospital six months, and had an abscess in one lung following pneumonia. Before his injury, he was earning $1.50 per day, and at the time of the trial he was able to work and was earning the same amount. His only complaint was that sometimes when he worked hard he felt a "little sore inside." It was shown, however, that one of his lungs is permanently affected as the result of his illness. True, it was also shown that the other lung had increased its power and was doing at least a part of the work that the other did before the injury. But taking into consideration all of the facts and circumstances shown, we do not feel that the verdict is greatly in excess of fair compensation for plaintiff's loss of time, his suffering, and his impaired physical condition. The judgment will therefore be *affirmed*.

*7. DAMAGES: excessive verdict.*