Day, J.
The errors complained of in the present ease may be grouped under the following heads:
First. The trial court erred in its charge to the jury, wherein, it is claimed, the doctrine of “the last clear chance” was attempted to be given, where the facts did not warrant its application, the same not having been pleaded in the ease; and the prejudice is claimed to have been emphasized by the fact of an incorrect charge in that regard.
Second. The defendants were entitled to a judgment at the close of plaintiff’s case, as a matter of law.
Third. Prejudicial error intervened by the admission of the ordinance and by the instructions of the court thereon.
Fourth. The defendants were prejudiced by the ruling of the court compelling them to proceed to trial upon an answer that had been changed in form without their knowledge or authority.
Fifth. The verdict is manifestly excessive, ap *392 pearing to have been rendered under the influence of passion and prejudice.
Sixth. A further question is submitted to the court, raised by the defendant in error1, that by reason of the transcript not being filed within the statutory period in the Court of Appeals that court was without jurisdiction, that the petition in error should have been dismissed, and that the Court of Appeals erred in not dismissing it.
Of these in their order.
An examination of the general charge, which covers over 29 pages of the printed record, discloses that the trial court at one point (Record, 420) used this language:
“In one view of the case there is an exception, or rather the law does not regard the negligence of the plaintiff as directly contributing to his own injury, where if he had been guilty of some degree of negligence, but nevertheless a person in charge of a train, in this instance the engineer, by the exercise of ordinary care, does see, or ought to be able to see, a person in danger, and stop the train in time to avoid injuring him, in such case, although the person attempting to cross the track may have been negligent in some degree, yet after his negligence was known, or ought to have been known to the engineer, there was time to stop and avoid the injury, the law does not regard the negligence of the pedestrian as the immediate cause of the injury and will not defeat his recovery.
“You are to bear in mind the fact that this knowledge of the engineer, in such case, must have been gained; there must have been such a situation that he ought to have known it in time to have avoided *393 the injury. So that in the present case, if you find that Mr. Miller was negligent in attempting to cross the tracks, and the engineer by the exercise of ordinary care could not have discovered his perilous situation in time to have stopped or slackened the speed of his train, then the plaintiff in this case is not entitled to a verdict, and you must find for the defendant.”
It is claimed by the plaintiffs in error that this language of the trial court was an attempt to give to the jury what is technically known as the doctrine of the “last clear chance,” and that it was incorrectly given as such doctrine, and that, not having been pleaded in the case, it was highly erroneous on the part of the trial judge to give or attempt to give the same. In support of this view we are cited to the well-known cases of Pennsylvania Co. v. Hart, 101 Ohio St., 196, 128 N. E., 142; Drown v. Northern Ohio Trac. Co., 76 Ohio St., 234, 81 N. E., 326, 10 L. R. A. (N. S.), 421, 118 Am. St. Rep., 844; Erie Rd. Co. v. McCormick, Admx., 69 Ohio St., 45, 68 N. E., 571; as well as a number of other authorities.
We are inclined to the view of the Court of Appeals that this case is not one for the application of the doctrine of “last clear chance.” In the first place it is not pleaded. Again, the plaintiff at all times has denied any negligence on his part contributing to his injury, and some important elements of that doctrine are omitted in the paragraph referred to; and we are not certain that the trial court had in mind the rule of “last clear chance,” but believe that he may have been attempting to apply the rule as laid down in Steubenville & Wheeling *394 Traction Co. v. Brandon, Admr., 87 Ohio St., 187, 188, 100 N. E., 325, 326:
“Where, the motorman of a street ear being operated on a public street in a much-frequented part of the city discovers, or by the exercise of ordinary care and watchfulness should discover, that the driver of a smaller vehicle is about to cross the track at a street crossing in front of such car, it is the motorman’s duty to use ordinary vigilance to stop or check the car in order to avoid a collision; and the fact that such driver may have omitted to look for the approach of the car will not, as matter of law, defeat his right to recover for injury from a collision with such car if the motorman has not used such vigilance.”
We feel more constrained to this conclusion for the reason that the doctrine of “last clear chance” was not claimed by the plaintiff, and the evidence as a whole, does not seem to justify its application. The court’s able and cogent instructions as to negligence, contributory negligence, and the general principles of law applicable to the issues in the cause, and the summary of the matters necessary for the jury to determine in the case, immediately following the paragraph complained of, lead us to the conclusion that the trial court was seeking to follow the Brandon case, rather than to inject into the record an issue that was not there by pleadings, evidence, or the claims of parties. At any rate, no matter what may have been in the mind of the trial court, we do not approve of the paragraph as a statement of the “last clear chance,” but believe, in the light of the fact that no objection is made to the remainder of the very full and exhaustive charge, that *395 the paramount issues between the parties were correctly stated, and also believe that the jury understood them and the application thereof, and we cannot affirmatively find that the jury were probably misled by the paragraph concerning which complaint is made. Haas v. Kundts, 94 Ohio St., 238, 113 N. E., 826; Fairchild v. Lake Shore Electric Ry. Co., 101 Ohio St., 261, 128 N. E., 168; Mansfield Pub. Util. & Service Co. v. Grogg, 103 Ohio St., 301, 133 N. E., 481; Ohio Farmers’ Ins. Co. v. Cochran, 104 Ohio St., 427, 135 N. E., 537; State v. Driscoll, 106 Ohio St., 33, 42, 138 N. E., 376.
In Luisi v. Chicago G. W. Ry. Co., 155 Iowa, 458, at page 462, 136 N. W., 322, at page 324, it is said:
“In an instruction on contributory negligence, the court told the jury that one who is injured by the negligence of another cannot recover if, by his own negligence, he contributed to the injury, ‘except where the direct cause of the injury is the omission of the other party, after becoming aware of the injured party’s negligence,’ to use proper care. The exception noted was wholly immaterial to any issue before the jury, so far as we are advised by the record before us, and might better have been omitted. But, notwithstanding such fact, we do not see how the noting of the exception could have prejudiced the defendants’ case. Nothing further was said on the subject, and while it has many times been held prejudicial error to instruct on issues not in the case, we do not think that the noting of the exception in question was an instruction which could be prejudicial, and we should therefore not reverse because thereof.”
In view of the statute, Section 11364, General *396 Code, the Court of Appeals’ certificate of substantial justice having been done, and the decisions above noted, we feel we cannot disturb the verdict upon this ground.
The next error complained of is the admission of the ordinance and the instruction of the court thereon. This objection is based upon two grounds: First, its unconstitutionality; and, second, its invalidity and unreasonableness. The question of constitutionality must go back to the exercise of power under Section 3781, General Code, wherein the Legislature authorized the council, by ordinance, to regulate the speed of locomotives and railroad cars within , the corporate limits. The constitutionality of such ordinances we do not believe to be longer an open question in this state. That cities and villages have the power by ordinance to regulate the speed of trains within their corporate limits is recognized by the courts of this country, provided such regulation is reasonable. This doctrine is so well established no citation of authority is necessary.
The chief attack upon this ordinance is based upon its alleged invalidity, because in Section 2 thereof it provides that for any violation of Section 1 the company or person so offending shall, for every offense, be fined not less than $5 nor more than $15. It is contended that this is an attempt by criminal procedure to enforce an ordinance drawn by favor of Section 3781, General Code, which simply gives power to recover from any person violating such ordinance a sum not less than $5 nor more than $50 for each offense. Doubtless the city council, in passing this ordinance, used the word “fined” in the sense of fixing the pecuniary penalty that should *397 be assessed for a violation of Section 1 of the ordinance. That the word “fine” may have this meaning is shown by the following excerpt from State v. Addington, 143 N. C., 683, at page 685, 57 S. E., 398, at page 399 (11 Ann. Cas., 314):
“It is true the word ‘fine’ does not always mean a pecuniary punishment of an offense inflicted by a court in the exercise of criminal jurisdiction. It has other meanings, and may include a forfeiture, or a penalty recoverable by civil action. People v. Nedrow, 122 Ill., 363; Hanscombe v. Russell, 11 Gray (77 Mass.), 373; Railroad Co. v. State, 22 Kan., 1; Black’s Dict., p. 494; 13 Am. & Eng. Enc., supra [53 and 54].”
The true signification of the word, when used in a statute, must depend somewhat upon the context, and the meaning should be gathered from the intention, if the latter can fairly be ascertained from the language used. In ordinary legal phraseology, it is said the term “fine” means a sum of money exacted of a person guilty of a misdemeanor, or a crime, the amount of which may be fixed by law or left in the discretion of the court, while a penalty is a sum of money exacted by way of punishment for doing some act which is prohibited, or omitting to do something which is required to be done. In the case under consideration, no attempt was made to provide for arrest or imprisonment, as was done in the ordinance referred to in Caskey v. Belle Center, 8 Ohio N. P. (N. S.), 153, which provided in its second section that it should be the duty of the marshal, upon view or information, without process, to arrest persons found violating the ordinance. So that the ordinance of Cambridge is to be readily distin-. *398 guished from the ordinance of the village of Belle Center.
Again, the collection of the penalty is not involved in the question that was before the trial court on the admission of the ordinance. The enactment of the first section of the ordinance was well within the section of the General Code above referred to, and, until there was a violation of that section of the Code with reference to the means by which the penalty was to be collected, no sufficient reason is shown to render the ordinance invalid, and therefore inadmissible. The ordinance was passed in the proper exercise of the police power, in the interest of public safety, and by its plain terms it was not in conflict with general laws, and its admission was sustained by the case of Schell v. DuBois, Admr., 94 Ohio St., 93, 13 N. E., 664, L. R. A., 1917A, 710, and other authorities to the same effect that might be cited.
As to the unreasonableness of the ordinance in fixing the speed limit at 4 miles an hour, this was a question that should have been submitted to the court, as is provided in the case of Blancke, Admx., v. New York Central Rd. Co., 103 Ohio St., 178, 133 N. E., 484; C., C. C. & St. L. Ry. Co. v. Grambo, Admr., 103 Ohio St., 471, 134 N. E., 648, 20 A. L. R., 1214; 2 McQuillin on Municipal Corporations, Section 729; City of Lake View v. Tate, 130 Ill., 247, 22 N. E., 791, 6 L. R. A., 268; Chicago & Alton Rd. Co. v. City of Carlinville, 200 Ill., 314, 65 N. E., 730, 60 L. R. A., 391, 93 Am. St. Rep., 190; 20 A. L. R., 1224, 1225, and cases cited.
To justify a court in declaring void an ordinance limiting the speed of trains in a city, its unreason *399 ableness, or want of necessity as a police regulation for the protection of life and property, must be clear and manifest. The court should look to the circumstances surrounding the situation and take all facts into consideration, the object sought to be attained, and the necessity which exists for such ordinance; and, if an ordinance is passed pursuant to a statute authorizing the same, the presumption of its reasonableness must be overcome by clear and convincing evidence. In the following cases ordinances fixing a speed at not greater than 4 miles an hour have been sustained: Cleveland, C., C. & I. Ry. Co. v. Harrington, 131 Ind., 426, 30 N. E., 37, and Hines, Dir. Gen. of Rds., v. Partridge, 144 Tenn., 219, 231 S. W., 16. On the other hand, cases may be found where a rate of 4 miles an hour, at least in some portions of a city, has been found to be unreasonable. White v. St. Louis & S. F. Ry. Co., 44 Mo. App., 540; Myers v. Chicago, R. I. & P. Rd. Co., 57 Iowa, 555, 10 N. W., 896, 42 Am. Rep., 50; Schultz v. Chicago, M. & St. P. Ry. (Co., 57 Minn., 271, 59 N. W., 192; Evison v. Chicago, St. P., M. & O. Ry. Co., 45 Minn., 370, 48 N. W., 6, 11 L. R. A., 434. (But see Knobloch v. Chicago, M. & St. P. Ry. Co., 31 Minn., 402, 18 N. W., 106, and Weyl v. Chicago, M. & St. P. Ry. Co., 40 Minn., 350, 42 N. W., 24.)
At any rate, this record does not disclose any evidence showing the unreasonableness of the ordinance, and we cannot say the court erred in following the limitation of the statute. If 4 miles be too slow a speed, the Legislature has power to amend the statute. In passing on the matter, the court doubtless took into consideration the crossing in question, the facts that no watchman was main *400 tained, no crossing sign or warning bell used, the nearness of the station, the traffic on the street, the existence of the street car track, and other physical conditions surrounding the crossing in question, from all of which the trial court 'might well have found that the rate prescribed in the ordinance was not unreasonable. In the admission of the ordinance in evidence we fail to find that any prejudicial error, intervened. We therefore decline to disturb the verdict upon that ground.
The next ground of error is that the defendants were entitled to a judgment as a matter of law. We have carefully examined the record, and feel that the rule announced by Robinson, J., in McMurtrie v. Wheeling Traction Co., 107 Ohio St., 107, 140 N. E., 636, is applicable in the present case:
“1. Where any phase of the facts, as shown by the evidence upon the subject of contributory negligence, will, warrant the inference that the plaintiff, at the time of the injury, was exercising due care, it cannot be said that plaintiff was guilty of contributory negligence, as a matter of law.
“2. In all cases where in determining the existence or nonexistence of contributory negligence, it -becomes necessary to detect the truth from conflicting evidence, it becomes a question of fact and not of law.”
See, also, Pope, Admx., v. Mudge, ante, 192, 140 N. E., 501.
Applying the doctrine above announced, we believe the court did not err in overruling the motion made at the close of the plaintiff’s case, but was right in submitting the question to the jury.
The next ground of error complained of is that *401 the defendants were prejudiced by the ruling of the court compelling them to proceed to the trial upon an answer which had been changed in form without their knowledge or authority. This question arises by the change in the possessive point made in the joint answer of the defendants in the phrase, “Said plaintiff came in collision with one .of the defendants ’ trains.” As originally drawn, it is claimed that the possessive point was before the “®” in the word “defendants.” As the case was tried a,t its first trial, and started out to be tried at its second trial, the one now under review, the possessive point was placed after the letter “s,” thus making an admission binding both defendants. This question was raised by a motion made by the defendants for an order compelling the plaintiff to elect as against which one of the defendants he would proceed, and again at the close of defendants’ testimony by each defendant moving the court separately for leave to file an amended answer, so that the same would read, “Said plaintiff came in collision with one of defendant’s trains,” which motions were overruled by the court. In this connection, the record further discloses this language:
“Thereupon Judge T. M. Kennedy, before whom this case was formerly tried, appearing before the court and counsel on both sides, stated that the change referred to was made by him during the former trial in accordance with the admissions of counsel for the defendants, and that he had no doubt that before the change was made he called counsel’s attention to it and secured their approval and consent, and that throughout the trial no question was1 raised as to the matter.”
*402 Upon the merits of the controversy the rights of both defendants were thoroughly and ably presented and safeguarded, and we cannot see how any prejudicial error resulted to either defendant by reason of the failure of the court to sustain these motions. In the present state of the record, and in the light of the ruling of this court in Boehmke v. Northern Ohio Traction Co., 88 Ohio St., 156, 102 N. E., 700, we are of opinion that no prejudicial error intervened in this regard, and we are not disposed to disturb the verdict upon this ground.
The next question urged by the defendants in error is that the verdict is manifestly excessive, appearing to have been rendered under the influence of passion and prejudice. It cannot be denied that the injury sustained by the plaintiff was permanent, of the most serious and painful character. One jury had already returned a verdict for a like amount, and, while it is suggested in the brief of counsel that the jury in the present case, having learned of that fact in some way, were influenced to a like conclusion, yet the present case contains some evidence that might afford the jury a basis for their conclusion. The assessment of damages is so thoroughly within the province of a jury that we do not feel, in view of the age of this defendant and the effect upon his earning capacity of the loss of both his legs, that we have the right to enter this field, which is peculiarly that of the jury who heard the testimony, and to substitute our judgment for theirs, unless their judgment appears to have been the result of passion and prejudice and manifestly excessive.
While the verdict is a large one, the effect upon *403 this man’s life, his past and present suffering, the uncertainties the future has for him, his ability to get about in modem conditions of travel and traffic in city streets and thoroughfares, might be elements such that the jury, upon full consideration, would feel justified in returning the amount they did. Before we can grant a new trial upon this, ground we must find affirmatively that passion and prejudice intervened, or that the verdict is manifestly excessive. This we cannot under the circumstances so affirmatively find, and hence we do not feel justified in setting aside this judgment for that reason.
The remaining question in the record, suggested by the defendant in error, is that the Court of Appeals had no jurisdiction of this case, for the reason that the transcript was not filed within the 70 days provided by the statute. In view of the fact that we have reached the conclusion that this judgment should be affirmed, we do not feel it necessary to pass upon that question. It is therefore the finding of this court that the judgment of the Court of Appeals be affirmed.

Judgment affirmed.

Marshall, C. J., Wanamaker and Allen, JJ., concur.
Matthias, J., concurs in tbe syllabus, but not in the judgment.