## MAYS v MINNICH

Ohio Appeals, 2nd Dist, Montgomery Co

No 1307.   Decided Feb 27, 1935

R. N. Brumbaugh, Dayton, for plaintiff in error.

Pickrel, Schaeffer, Harshman & Young, Dayton, for defendant in error.

## OPINION

By HORNBECK, J.

The bill of exceptions is in the form of a stipulation, wherein, in part, it is set forth that the plaintiff introduced witnesses who testified to facts tending to prove wilful and wanton misconduct on the part of the defendant as alleged in plaintiff's petition; that the plaintiff and defendant introduced testimony tending to prove that the defendant was guilty of ordinary negligence only, and that the defendant introduced testimony tending to prove that he was not negligent and was not guilty of wanton and wilful misconduct.

The special charges requested by the parties and given by the court and the general charge of the court appear, as do the interrogatories and the answers thereto, together with the opinion of the court in sustaining the motion of the defendant to set aside the verdict of the jury, which motion was made immediately upon the return of the verdict by the jury and at the suggestion of the trial court. The bill also sets forth the opinion and decision of the court on the motion of the defendant for judgment on the interrogatories and answers thereto.

Plaintiff claims that the answer to No. 1 is not inconsistent with the general verdict; that Nos: 2 and 3 should not have been submitted and that it was improper to require them to be answered and that the answers thereto should not be controlling against the general verdict.

The answer averred that the defendant was required to drive his car off the improved portion of the highway on to a gravel strip on the right side of the improved portion of said highway in order to avoid a head-on collision with an approaching truck. * + *

The first interrogatory, the answer to which is "Yes" is: "Did the presence of the truck cause defendant to pull his car to the right and off the pavement?" In our judgment this is a proper interrogatory but the answer is not so inconsistent with the general verdict as to require its setting aside. The fact established by the answer to the interrogatory is not compelling of the conclusion that the proximate cause of the accident and the injuries to the plaintiff was the presence of the truck. It merely establishes that the presence of the truck was a cause of the defendant pulling his car to the right and off the pavement. The answer is not inconsistent with the wilful and wanton misconduct of the defendant in the operation of his auto-

mobile upon which the general verdict must have been based.

Coming to the second and third requests for findings of facts, we first, consider whether or not it was proper to interrogate the jury as to the defendant's negligent operation of his automobile at or immediately preceding the time of the accident and if so, whether or not such negligence was the proximate cause of plaintiff's injuries.

We are of opinion that interrogatory No. 2 was improper because the answer thereto did not establish any determinative fact in the cause. Whether or not the defendant was negligent in the operation of his automobile was a question of law or at most a mixed question of law and fact. The distinction is marked in the leading case of **Davison v Flowers, 123 Oh St, 89,** where the answers to the combined interrogatories Nos. 1 and 2 would have established the facts which constituted the negligence.

In **Steel Co. v Lanakis, 93 Oh St, 302,** the court had under consideration the interrogatory: "Was the plaintiff negligent in any degree, directly and proximately contributing to his accident and injuries," the answer to which was "Yes."

The court said at page 303:

"This interrogatory does not call for a special finding upon a particular question of fact as contemplated by such statutory provision, but rather for a combined finding of fact and conclusion of law, which conclusion may or may not be drawn from findings or particular facts returned by the jury and therefore should not have been submitted by the trial court."

In **Tire Co. v Lansinger, 108 Oh St, 377,** Judge Wanamaker, writing the opinion, at page 381 says:

"It is obvious that the language of §11463, GC, headed 'Finding on Questions of Fact,' relates as the context shows, not merely to a fact that may be testified to by a witness as evidence or, in short, an evidentiary fact, but to a 'particular question of fact.' And the particular question of fact must be a controlling fact."

In **Schweinfurth, Admr. v The C.C.C. & St. L. Railway Company, 60 Oh St, 215,** syllabus 7, it is said:

"It is not the purpose of §5201, Revised Statutes, which requires the court, when requested by either party, to direct the jury to find specially upon particular questions of fact, to require special findings of merely evidential facts. The 'particular

questions of fact' contemplated by the statute are those, the answers to which will establish ultimate and determinative facts, and not such as are only of a probative character."

**Gale v Priddy, 66 Oh St 400,** qualified somewhat the scope of interrogatories as defined in the Schweinfurth case wherein it was held that:

"Although the questions must be such that the answers thereto will establish ultimate and determinative facts, and not such as are only of a probative character; yet questions the answers to which establish probative facts from which an ultimate material fact may be inferred as a matter of law, should be allowed."

Our attention is directed to syllabus 1 of **Dowd-Feder Co. v Schreyer, 124 Oh St 504:**
"1. Special findings returned by a jury pursuant to §11463 GC embrace answers to one or more questions pertinent to but not necessarily covering any issue in the case. They are never required except when a general verdict is returned."

There is no indication in this proposition of the syllabus of any purpose on the part of the court to distinguish, modify or reverse the specific holdings in Schweinfurth v The C.C.C. & St. L. Railway Company, supra. Gale v Priddy, supra, Steel Co. v Lanakis, supra, Tire Co. v Lansinger, supra.

The court was not considering interrogatories but a special verdict. There was no question presented under the facts of the case which required any pronouncement of the purview or extent of §11463 GC now §11420-17 GC relating to special findings of fact. Judge Matthias, who wrote the opinion, made reference but once to the section, §11463 GC, and in connection only with a quotation from Clements on Special Verdicts. We recognize that the Supreme Court writes its own syllabus but it is also true that the law of the case must have reference to the facts upon which it predicated. We find no purpose to distinguish the clear expressions in the cases heretofore cited, wherein the specific questions were directed to the law of special findings of fact.

The principle announced in the Schweinfurth case, supra, that the particular questions of facts contemplated by the statute are those, the answer to which will establish ultimate and determinative facts, has been modified only to the extent that questions

520

may be submitted, the answers to which will establish probative facts from which an ultimate material fact may be inferred as a matter of law. Gale v Priddy, supra.

In Davison v Flowers, supra, it was necessary to have the answer to the second interrogatory which was an inquiry of what the negligence of the defendant consisted and supplemented No. 1 to which the answer was that the defendant was negligent, so that it might be related to one or the other of the specific charges of negligence.

Judge Matthias in Dowd-Feder Co. v Schreyer, supra, said at page 515:

"A finding that one party was negligent and the other was not would be a mere conclusion of law * * *."

That proximate cause is a question of law is held in many cases. A few are cited: Peterson v California Cotton Mills (Cal.) 130 Pac. 169; Lake Erie & W. R. Co. v McConkey (Ind.) 113 NE 24; Luisi v C.G.W. Ry. Co. (Ia.) 136 NW 322. Negligence is also a question of law. 64 C.J. 1167.

The fact or facts constituting the negligence are not required by the interrogatories nor in what way they operated to cause the injuries to plaintiff. So that the answers to both are but legal conclusions and the facts upon which they are predicated not appearing no test as to the correctness thereof can be applied and no conclusion drawn that the answers are wholly inconsistent with the general verdict.

We could well terminate this opinion here but an examination of the novel legal propositions growing out of this case causes us to discuss it further.

The plaintiff grounded his claim against the defendant clearly upon a charge of wilful and wanton misconduct. There is no suggestion or averment of negligence in any particular whatsoever in the petition. The answer denies any careless or negligent act on the part of the defendant but such denial is gratuitous and is not responsive to any averment of the petition.

It will be observed that the answer does not assert that the defendant was negligent. On the contrary due care is set forth. Thus neither the petition nor the answer suggests the negligence of the defendant. If negligence is not an issue, then its determination was of no concern in the case. The only reference to negligence was a specific denial thereof uncontradicted. Why then, upon the pleadings would defendant have the right to inquire touching an uncontradicted denial?

The plaintiff has consistently maintained that the only ultimate question for the determination of the jury was whether or not defendant was chargeable with wilful and wanton misconduct as alleged in the petition.

However, the theory of the defendant, as indicated by the answer, is that within the charge of wilful and wanton misconduct there was included a charge of negligence.

The court adopted in part the theory of the plaintiff and said to the jury early in the general charge that:

"The issue in the case is simple. It is simply an inquiry as to what caused the injuries to the plaintiff, whether or not they were occasioned by the wilful and wanton misconduct of defendant and if so what the extent of the injuries were * * *."

The court also said to the jury after defining negligence and wilful and wanton misconduct:

"Now you can see the distinction between that and negligence for negligence is simply proceeding without the exercise of care whereas wilful and wanton misconduct is proceeding not only without care as to the result and recklessness, but a knowledge of what he is doing and the knowledge that it will probably result in injury."

And later:

"It is contended by the plaintiff that the defendant was driving at an excessive speed; that he was warned several times; that the plaintiff himself, asked him to stop his speed, and if he did not do it that he, the plaintiff, would leave the car and return to Chicago.

"Excessive speed, in itself, is not sufficient in law to constitute wilful and wanton misconduct. The law requires a person in the State of Illinois to drive at that speed commensurate with the conditions and circumstances confronting him. Driving beyond that speed which would be reasonable and proper, considering the traffic and the nature of the road, would be negligence, but it would not, in itself, be wilful and wanton misconduct. It will be considered as one of the elements entering into your deliberations to determine wilful and wanton misconduct."

(Emphasis ours).

This, in our judgment, was a sound exposition of the law, insofar as it is possible to present it in a practical manner to a jury. But in that portion of the charge

quoted it will be observed that included within wilful and wanton misconduct is the basic element of negligence, and that wanton and wilful misconduct is negligence and more.

After so charging the jury the court said:

"If you find that the accident was due to the negligence of the defendant, then your verdict must be for the defendant and against plaintiff * * *."

Upon this charge and the answers to interrogatories Nos. 2 and 3 the court rests its judgment against the plaintiff.

We believe that this interpretation of the law is too narrow and put upon the jury the necessity of too nice a distinction and one that cannot be supported upon the facts in this case. The court, taking the special findings of facts, Nos. 2 and 3 said:

"They are findings that the defendant was not guilty of wilful and wanton misconduct."

This conclusion is reached, not because the interrogatories were so answered, but because the court was of opinion that negligence and wilful and wanton misconduct could not both be found.

Let us make some practical observations from the facts in this case upon the pleadings, charge and stipulation. It is probable that there was little dispute in the physical facts attending and incident to the upsetting of the automobile and the injuries to the plaintiff. The difference no doubt, developed in determining whether, upon all the evidence and circumstances the defendant was chargeable with negligence only or with wilful and wanton misconduct. In other words, it was the inferences to be drawn from the facts which were more in dispute than the basic facts upon which the inferences were predicated.

It should be observed that the acts charged against the defendant as constituting wilful and wanton misconduct were set out as a whole. Had the action been predicated upon negligence, then the acts would have been divided into several specifications. These separations will readily appear. If the jury found (1) that the defendant drove his automobile at 50 miles per hour on a highway made slippery by moisture precipitated by fog, may that not have constituted negligence? (2) If he drove his automobile upon that slippery highway at 50 miles per hour as he approached a truck, may that not have constituted negligence? (3) If he drove his automobile at an excessive rate of speed off a slippery highway and onto a rutted dirt shoulder several inches below but parallel to the highway, which shoulder was paralleled by a deep ditch, may not the jury have properly said that he was negligent?

Now, if any one or all of these acts were committed by the defendant after repeated warnings of the danger and protests against his manner of driving, could not the jury also have properly found wilful and wanton misconduct upon the part of the defendant? We are of opinion that the situations in 1, 2 and 3, alone or in combination, constituted negligence and, although they were aggravated by intention and wanton misconduct, they were negligent notwithstanding.

Granted that wilful tort and negligence are not synonymous it does not follow that both cannot emanate from the same set of facts. One may drive faster than is reasonable and proper, violate the law thereby and be chargeable with simple negligence. He may intentionally drive at an excessive speed with an intent to injure another or indicate such reckless disregard for the rights of another as to compel the inference of wilful misconduct. But will the commission of the latter act completely negative the element of a failure to exercise ordinary care? We think not. As said in Denzer v Terpstra, 129 Oh St 1, Ohio Bar, December 31, 1934, quoting at page 6 from Judge Wanamaker's dissent in Higbee Co. v Jackson, 101 Oh St 75:

"That one may, while committing negligence in consequence of the violation of a statute or ordinance, also commit wilful or wanton tort (sometimes also termed wilful or wanton negligence) is a sound proposition of law."

There is technical difference between wilful tort and gross, wilful or wanton negligence, but the distinction is nice and not commonly observed. The cases and texts discuss them interchangeably and many times fail to mark any difference. The line of demarkation being so fine as to mislead judges and authors, it is too close for the layman.

In 45 C.J. 674 it is said:

"The term 'wilful negligence' is frequently used by the courts and has come to have a well understood significance in the law as indicating a voluntary breach of duty under such circumstances as indicate a reckless or wanton disregard of consequences."

In Victor Coal Co. v Main (Colo.) 38 Pac. 378; 26 L.R.A. 435:

"It has been said that 'wilful negligence' is a misnomer. Nevertheless the term has come to have a well-settled significance in the law."

This seems to be recognized in Corpus Juris, Ruling Case Law, Words & Phrases Judicially Interpreted, Bouvier's Law Dictionary, Thompson on Negligence, and many other texts.

The distinction between wilful tort and wanton negligence has recently been made in the case of Denzer v Terpstra, supra, the syllabus of which is:

"1. The terms 'wilful tort' and 'wanton negligence' are not synonymous.

"2. The term 'wilful tort' involves an intent, purpose or design to injure. (Paragraph 1 of the syllabus in the case of Reserve Trucking Co. v Fairchild, 128 Oh St 519, approved and followed)."

At page 3 Judge Weygandt says:

"It is highly essential to keep clearly in mind the precise meaning of the term 'wilful tort.' It implies intent or purpose to injure. It is not synonymous with wanton negligence."

Although this distinction must be accepted, it does not go so far as to say that negligence and wilful and wanton misconduct cannot both exist in the same set of facts.

Special interrogatories Nos. 2 and 3 could have been answered as they were upon the hypothesis that in some one of the particulars appearing in the facts adduced the defendant was negligent and that such negligence was the proximate cause of injuries to the plaintiff. This would not preclude the finding by the general verdict that there were other and different facts which constituted wilful and wanton negligence and which were the proximate cause of injuries to the plaintiff.

In 16 American & English Encyclopedia of Law 440-443, it is said:

"If the negligence of a defendant was an effective cause of an injury the fact that some other cause operated with the negligence of the defendant in producing the injury does not relieve the defendant from liability. His original wrong, concurring with some other cause and both operating proximately at the same time in the production of the injury establishes his liability to respond in damages. whether the other cause was a guilty or innocent one."

This states a well-recognized principle of law and has application in our judgment, to the conclusions which can be drawn from the facts in this case. Although the defendant may have been negligent in some particular and such negligence was a proximate cause of injuries to the plaintiff, there could also be wilful and wanton misconduct, which, concurring or combining with the negligent act of the defendant proximately caused the injuries to plaintiff.

We also believe that interrogatories Nos. 2 and 3 were improper, inasmuch as the answers thereto tended to confuse the jury. Counsel for defense urges that:

"The conduct of defendant in error in operating his automobile just previous to and at the time of the accident must fall in one of three classes: (1) with reasonable care; (2) negligently; (3) with wilful and wanton misconduct."

Suppose interrogatory No. 2 had been answered "No". This would have established the fact that the defendant was not negligent and was in accord with the specific averments of the answer. If the defendant was not negligent then he was in the exercise of due care. Would not the court have been faced with a more difficult proposition than resulted by the answer which the jury did make to the interrogatory? We believe that it would. The answer would have been consistent with one position of the court's charge but inconsistent with other particulars thereof. It would, indeed, be an anomaly to have the jury in this case say in the general verdict that the defendant was chargeable with wilful and wanton misconduct, proximately causing injuries to the plaintiff and in the special verdict answer that the defendant was without fault.

Upon a fair consideration, then, of the stipulation, together with the pleadings, general and special findings, we are satisfied that judgment should be entered upon the general verdict without reference to the special findings of fact.

KUNKLE, PJ, and BARNES, J, concur.